**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| JOHNSTON B. PALIK and LUCINDA PALIK PALIK,<br><br>Plaintiffs,<br><br>vs.<br><br>GUAM BEHAVIORAL HEALTH AND WELLNESS CENTER, VICTOR PEREZ, ARIEL ISMAEL, DE JESUS, DAISY, ROSE,<br><br>Defendants. | CIVIL CASE NO. 21-00026<br><br>**ORDER** |

This matter is before the court on an Application to Proceed Without Prepaying Fees or Costs (the "Application") filed by Plaintiffs. *See* ECF No. 2. For the reasons stated herein, the court grants the Application but dismisses the Complaint with leave to amend.

**I.    *IN FORMA PAUPERIS* APPLICATION**

Plaintiffs in this case are Mr. Johnston B. Palik and Ms. Lucinda Palik Palik. They are proceeding in this action *pro se*, without an attorney. Plaintiffs request to proceed *in forma pauperis*, meaning without paying the required filing fee.[1] Title 28 U.S.C. 1915(a)(1) permits a

---

[1] Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $402 filing fee is required from the party instituting any civil action in federal court.

1 court to authorize a person to commence a civil action without prepaying the required filing fee 2 if said person "submits an affidavit [stating] that the person is unable to pay such fees[.]" 28 3 U.S.C. § 1915(a)(1).[2]

4 Based on the Application, the court finds that Plaintiffs have an income of $440 a month 5 and expenses of $1,400 a month. As such, Plaintiffs do not have sufficient income to pay the 6 filing fee for this case. While it appears that Plaintiffs have demonstrated that they do not have 7 the resources to pay the filing fee, this does not end the court's inquiry. The court must still 8 subject the Plaintiffs' Complaint (the "Complaint") to mandatory screening before allowing the 9 case to move forward and issue summons, requiring an answer or responsive pleading. *See Lopez* 10 *v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*).

11 **II.     SCREENING COMPLAINT**

12 Pursuant to 28 U.S.C. § 1915(e), the court is required to review the complaint and 13 dismiss the case if the court determines that the action is "frivolous or malicious," "fails to state a 14 claim upon which relief may be granted," or "seeks monetary relief from a defendant who is 15 immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez*, 203 F.3d at 1126–27 (stating that 16 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma* 17 *pauperis* complaint that fails to state a claim); *see also Hebbe v. Pliler*, 627 F.3d 338, 341–42 18 (9th Cir. 2010) (stating that although *pro se* pleadings are liberally construed, a plaintiff must 19 allege facts sufficient to state a plausible claim).

20 When screening a complaint, the court is mindful that allegations of a *pro se* complaint 21 are held to less-stringent standards than the pleadings drafted by attorneys. *Erickson v. Pardus*, 22 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro*

---

[2] Under this statute, federal courts can authorize the filing of a lawsuit without prepayment of fees or security by a person who submits an affidavit that includes a statement setting forth all the person's assets and demonstrates an inability to pay such costs or give such security.

*se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations marks and citation omitted); *Hebbe*, 627 F.3d at 342 n.7 (finding that liberal construction of *pro se* pleadings is required after *Ashcroft v. Iqbal*, 556 U.S. 662 (2007)). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

A complaint must meet the requirements of Federal Rule of Civil Procedure 8, which mandates that a complaint include:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

A. <u>Foreign citizenship of Plaintiffs</u>

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The Complaint indicates that the basis for the court's jurisdiction over this action is "Diversity of citizenship." Compl. at 1 & 3, ECF No. 1.[3] The court has diversity jurisdiction over cases where the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is an action between citizens of different states. *See* 28 U.S.C. § 1332; *see also Yokeno v. Sekiguchi*, 754 F.3d 649, 652 (9th Cir. 2014) (holding that the District Court of Guam has the same diversity jurisdiction afforded to Article

---

[3] The page citations throughout this order are based on the page numbering provided by the CM/ECF system.

III courts). More specifically, 28 U.S.C. § 1332(a)(2) provides diversity jurisdiction over civil actions between "citizens of a State and citizens or subjects of a foreign state." Under current law, the domicile of foreign nationals is irrelevant for purposes of determining their citizenship under § 1332(a)(2). *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (2011). However, this court does not have jurisdiction over "an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a)(2).

Plaintiffs indicate that they are citizens of Kosrae in the Federated States of Micronesia. Compl. at 3, ECF No. 1. As such, they seem to plead that this court has jurisdiction under 28 U.S.C. § 1332(a)(2). However, based on the "Incident Report" provided by Mr. Palik, it appears that both plaintiffs are residents of Guam. *See* Compl. at 6–7, ECF No. 1. If Plaintiffs' residency on Guam is permitted through a lawful permanent residency status, this court does not have jurisdiction under § 1332(a)(2). In order for this court to determine whether or not it has jurisdiction over this matter, Plaintiffs must provide an explanation as to their residency and citizenship status.

B. *Pro se* representation

It appears from Plaintiffs' Complaint that Mr. Palik is attempting to act as the attorney for Ms. Palik. In the case caption, Plaintiffs wrote "Johnston B. Palik, Pro Se *for Plaintiffs*, Lucinda Palik Palik, Spouse." Compl. at 1, ECF No. 1 (emphasis added). Additionally, neither plaintiff signed on the signature line under "For Parties Without an Attorney," while Mr. Palik signed on the signature line under "For Attorneys" and notated "For Lucinda Palik Palik In fact." Compl. at 5, ECF No. 1. Plaintiffs also attached a form titled "Durable Power of Attorney for Financial Management" to their complaint in which Ms. Palik assigns power of attorney to Mr. Palik.

*Pro se* plaintiffs are generally prohibited from pursuing claims on behalf of others in a representative capacity. *Simon v. Hartford Life and Accident Ins. Co.*, 546 F.3d 661, 664–65 (9th Cir. 2008) (collecting cases); *see also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); GR 20.1 ("Any person who is representing himself or herself without an attorney must appear personally for such purpose and may not delegate that duty to any other person, including husband or wife, or another party on the same side appearing without an attorney."). A "power of attorney" allows the appointee to act as the principal's agent, but it does not transform the appointee into an actual attorney. *See Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (a power of attorney does not give one authority to bring a lawsuit on behalf of another).

Mr. Palik is not a licensed attorney, therefore he may not bring a lawsuit on behalf of another individual. The fact that Mr. Palik and Ms. Palik have signed a power of attorney does not exempt them from this rule. If Ms. Palik wishes to move forward as a plaintiff in this case, she must either hire a licensed attorney or proceed *pro se*. Because she did not sign the Complaint, she has not made a Rule 11 certification for herself. *See* Fed. R. Civ. P. 11(a) ("Every pleading . . . must be signed . . . by a party personally if the party is unrepresented."). Plaintiffs must each make an individual Rule 11 certification or the court will strike the Complaint as to the non-signing plaintiff. *Id.* ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.").

C. <u>Acts/Omissions of Defendants</u>

Paragraph III of the Complaint requires Plaintiffs to provide a "short and plain statement of the claim." Compl. at 4, ECF No. 1. Plaintiffs filed their Complaint on a form entitled "Complaint for a Civil Case Alleging Negligence." Compl. at 1, ECF No. 1. As such, they are

presumably making a negligence claim in this action. To sustain a negligence claim, Plaintiffs will eventually have to prove:

> i. A duty, or obligation, recognized by law, requiring the person to conform to a certain standard of conduct, for the protection of others against unreasonable risks of harm;
> ii. A breach of that duty, or failure to conform to the required standard;
> iii. Proximate cause (a close and causal connection, also known as "legal cause");
> iv. Actual loss or damage resulting to the interests of another.

*Merchant v. Nanyo Realty, Inc.*, 1998 Guam 26 ¶ 14. To plead negligence, however, they merely had to describe how the defendants "(1) performed acts that a person of ordinary prudence in the same or similar circumstances would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done under the same or similar circumstances." Compl. at 4, ECF No. 1.

In response to this prompt, Plaintiffs wrote:

> Decedent was a prudent, industrious and thrifty man, was accumulating property and assets from our father and had reasonable expectancy of acquiring a [sic] substantial accumulation of assets he inherited from our father. At the time of decedent's death, the decedent had a life expectancy of [sic] life expectancy in years] years. By reason of the [sic] decendent's as a result of the wrongful and negligent act and omission of defendant, plaintiff and the minor children of the [sic] decendent have been deprived of [sic] decendent, support, to their damage in the sum of $450,000.00.

*Id.* Under where the complaint form calls for Plaintiffs to specify "the acts or omissions [that] caused or contributed to the cause of the plaintiff's injuries," Plaintiffs have written:

> As a direct result of [sic] decendent's death, plaintiff has lost the comfort, protection, and society of her husband, who was a man of good habits and a loving and devoted husband to plaintiff and father to their children and grandkids. Plaintiff has lost the services of her husband in assisting her to care for their family, and she has lost the support that her husband was legally bound to give her, based on his probable future earnings and acquisitions and on the station in society, he occupied and probably would have occupied in the future support which he gave to her and their family generously in his lifetime.

*Id.* Plaintiffs have described the effect that the death of Ms. Palik's deceased husband, Mr. Palik Palik ("Decedent"), had on them. However, they have failed to allege how the actions or omissions of Defendants caused Decedent's death. The closest the Complaint comes to alleging specific acts or omissions is in the "Incident Report," in which Mr. Palik alleges that Decedent called him the night before he passed away and told him that he was cold, hungry, and overdosed by "the nurse." Compl. at 6, ECF No. 1.

Although the court must liberally construe the pleadings of a *pro se* litigant, "a *pro se* litigant is not excused from knowing the most basic pleading requirements." *Am. Ass'n of Neuropathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000). A complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Plaintiffs have named six (6) defendants in this lawsuit. In order to avoid dismissal for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiffs must state the acts or omissions of each of those defendants that allegedly caused the death of Decedent.

The court notes that, even though Plaintiffs' Complaint is on a complaint form for negligence, based on the above language, it appears that Ms. Palik is attempting to make a loss of consortium claim. At common law, a loss of consortium claim has four elements: (1) a valid and lawful marriage between the plaintiff and the person injured at the time of the injury; (2) a tortious injury to the plaintiff's spouse; (3) loss of consortium suffered by the plaintiff; and (4) the loss was proximately caused by the defendant's act. *LeFiell Mfg. Co. v. Superior Court*, 282 P.3d 1242, 1246 (Cal. 2012).

Plaintiffs refer to "the comfort, protection, and society" of Decedent. Compl. at 4, ECF No. 1. They allege that Ms. Palik "has lost the services" and financial "support" of

Decedent. *Id.* The description of these losses seems to allege consortium, a legal term of art describing "the benefits that one person, esp. a spouse, is entitled to receive from another, including companionship, cooperation, affection, aid, financial support and (between spouses) sexual relations." *Consortium*, Black's Law Dictionary (11th ed. 2019).

Alternatively, Plaintiffs may be attempting to make a wrongful death claim. Under Guam law, "[w]hen the death of a person is caused by the wrongful act or neglect of another, his . . . heirs or personal representatives on their behalf may maintain an action for damages against the person causing the death . . . ." 7 Guam Code Ann. § 12109. Whatever claim or claims Plaintiffs intend to bring, they must state what that claim(s) is and the acts or omissions of each defendant that caused the harm alleged by Plaintiffs.

D. Standing of Johnston B. Palik

The party invoking federal jurisdiction bears the burden of satisfying each of Article III's standing requirements. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). "Article III requires that the plaintiff have a concrete and particularized injury fairly traceable to the challenged conduct that likely can be redressed by a favorable judicial decision." *Inland Empire Waterkeeper v. Corona Clay Co.*, 17 F.4th 826, 831 (9th Cir. 2021) (citing *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC) Inc.*, 528 U.S. 167, 180–81 (2000)). Under "Relief" on the complaint form, Plaintiffs have written a string of legal phrases with no coherent meaning as a whole. *See* Compl. at 4, ECF No. 1. The only harm alleged elsewhere in the Complaint is the death of Decedent and the apparent loss of consortium addressed *supra*, neither of which make any mention of Mr. Palik. The court finds that the Complaint lacks factual allegations to establish that Mr. Palik has standing to bring any claim because it does not allege any harm to him. As Mr. Palik has not sufficiently pled an injury, the court must dismiss the Complaint as to him.

### III. LEAVE TO AMEND

When dismissing a complaint, a court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Plaintiffs may be able to cure the defects noted above by fully explaining their citizenship and residency status, whether Ms. Palik is proceeding *pro se* or is being represented by an attorney, the acts or omissions that caused the death of Decedent, what claim(s) they are bringing, and what the harm was to Mr. Palik that gives him standing in this matter. They also must both provide a Rule 11 certification. Because Plaintiffs are *pro se* litigants, they are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (*per curiam*). If Plaintiffs intend to proceed with this lawsuit, they need to make the above-stated amendments to their complaint. Any amended complaint must be complete within itself without reference to any other documents not attached to the amended complaint.

### IV. CONCLUSION

For the reasons set forth above, the court GRANTS Plaintiffs' Application to waive filing fees but DISMISSES the Complaint with leave to amend. Plaintiffs are ordered to file any amended complaint within thirty (30) days of this order. Failure to amend the complaint within 30 days shall result in automatic dismissal.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
      **Chief Judge**
**Dated: Apr 18, 2022**